IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HENRY UCHE OKPALA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-1443-RGA |
| JOHN JOSEPH LUCIAN, et al., | : |
| Defendants. | : |

Henry Uche Okpala, Newark, Delaware, Delaware; Pro Se Plaintiff.

John Joseph Lucian, Baltimore, Maryland; Pro se Defendant.

John Edward Lucian, Philadelphia, Pennsylvania; Pro Se Defendant.

Robert Karl Beste, III, Esquire, Smith, Katzenstein & Jenkins LLP, Wilmington, Delaware; Counsel for Defendant Liberty Mutual Insurance Company.

Jared Thomas Green, Esquire, Seitz, Van Ogtrop & Green, P.A., Wilmington, Delaware; Counsel for Defendant ServiceMaster Restoration of Montgomery, Frederick, Howard & Washington Counties.

**MEMORANDUM OPINION**

July 31, 2015
Wilmington, Delaware

{{signature}}
ANDREWS, U.S. District Judge:

Plaintiff Henry Uche Okpala, proceeds *pro se* and has paid the filing fee. Before the court are Defendants' motions to dismiss and Defendant Liberty Mutual Insurance Company's motion to strike and Plaintiff's opposition thereto. (D.I. 3, 6, 8, 11, 13, 24)

## BACKGROUND

The amended complaint alleges that in 2007, Okpala leased from Defendant John Joseph Lucian a townhome in Hanover, Maryland, for a one-year term beginning May 1, 2007. (D.I. 9, at 2-3, ¶¶ 7-8). Okpala lived at the property until late November 2013. (*Id.* at 8, ¶ 1). Named as defendants are John Joseph Lucian and John Edward Lucian, identified as landlords; Liberty Mutual Insurance Company, identified as the insurer of the townhome; and ServiceMaster Restoration of Montgomery, Frederick & Howard & Washington Counties,[1] identified as a corporation and described as the entity who provided clean-up services at the townhome.

On October 18, 2013, while Okpala was cooking, a kitchen fire occurred at the townhome. (*Id.* at 4-5, ¶¶ 4-5). The fire caused extensive damage to the townhome and Okpala needed temporary housing. (*Id.* At 6, ¶ 11). It appears that Liberty Mutual had the property cleaned and restored by Service Master Restoration. (*Id.* at 6-7, ¶¶ 10, 11). Okpala disagreed with the manner of the cleanup and restoration and withheld

---

[1] Okpala identifies ServiceMaster Restoration as a third party. Okpala seeks compensatory and punitive damages from ServiceMaster Restoration and, therefore, the Court considers it a defendant in this action.

1

rent payments. (*Id.* at 7, ¶ 15). In turn, J.J Lucian filed a lawsuit against Okpala for nonpayment of rent. (*Id.* at 7, ¶¶ 15-16).

Okpala seeks a refund of his security deposit and alleges the Lucians are in breach of contract. (*Id.* at 7, ¶¶ 21-22). Okpala alleges that the Lucians and Liberty Mutual failed to remedy the "inhuman conditions in a professional, timely manner and schedule simply because Plaintiff and his family are non-Caucasians" and that ServiceMaster Restoration failed to do its]"duty in a conscientious manner by removing the rugs in the property, leaving a network of tens of thousands of rusted nails, . . . and did not consider the non-Caucasian occupants of the property as persons fit for decent life." (*Id.* at 7-8). Okpala seeks compensatory and punitive damages.

In their motions to dismiss, the Lucians advise the Court that, due to Okpala's failure to pay his monthly rent for October and November 2013, J.J. Lucian obtained judgments pursuant to Section 8-401 of the Real Property Article of Annotated Code of Maryland from the District Court of Maryland for Anne Arundel County on November 1, 2013, Case No. 2013-0702-26399 and No. 2013-0702-26476). (D.I. 11, exs. A, B). Okpala did not vacate the property and, on November 15, 2013, the District Court of Maryland issued a warrant of restitution. (*Id.* at ex. C). The Sheriff of Anne Arundel County scheduled the eviction of Okpala for December 5, 2013. (*Id.* at ex. D).

After Okpala failed to satisfy the money judgments entered against him, J.J. Lucian filed, and was granted, a request for judgment – garnishment, to garnish Okpala's bank account in satisfaction of the judgments, Case No. 0702-12175-2013. (*Id.* at ex. E). Okpala opposed garnishment and argued to the District Court of

2

Maryland that: J. J. Lucian failed to notify the Court that he seized Okpala's security deposit, Okpala suffered damages as a result of alleged conduct by J. J. Lucian, J. J. Lucian gained access to the property without notice to Okpala, Okpala is entitled to insurance payments from J. J. Lucian's insurance company, J. J. Lucian stole property from Okpala, and the property was unfit for human habitation. (*Id.* at ex. F)

Following the garnishment action, Okpala filed suit against J.J. Lucian in the District Court of Maryland for Anne Arundel County seeking a refund of his security deposit, Case No. 0702-0003991-2014. (D.I. 23, ex. A). J.J. Lucian counterclaimed alleging a material breach of the lease and sought damages allegedly caused by Okpala unrelated to unpaid rent for October and November 2013 or the kitchen fire damages. (*Id.* at ex. B). Okpala opposed the counterclaim, denied the allegations, and responded that the townhouse "was in a state not fit for human habitation," that the matter directly related to a civil case in the Circuit Court of Anne Arundel County, and that J. J. Lucian "did not regard [Okpala] and his family as fit for decent habitation." (D.I. 11, ex. G). On October 7, 2014, following a bench trial, judgment was entered against Okpala and in favor of J. J. Lucian in the sum of $4,133. (*Id.* at ex. H). Okpala appealed, and the appeal was dismissed on January 27, 2015. (*Id.* at ex. J).

On August 8, 2014, Okpala filed suit against J. J. Lucian and Liberty Mutual in the Circuit Court for Anne Arundel County, Maryland, Case No. 14-189688. (*Id.* at ex. K). On February 6, 2015, the Circuit Court granted Okpala's motion to dismiss without prejudice. (*Id.* at ex. L).

3

The Lucians move for dismissal (D.I. 11)[2] pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Amended Complaint: (1) fails to state a cognizable claim for violation of civil rights or any other cognizable claim; and (2) is barred by reason of res judicata and the Rooker-Feldman Doctrine. Liberty Mutual adopts by reference the legal arguments raised by the Lucians. In addition, it moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(3)[3] and 12(b)(6) on the grounds that: (1) the Amended Complaint fails to state a claim upon which relief may be granted, does not meet the pleading requirements of the Federal Rules, and does not contain allegations that support a claim for punitive damages; (2) venue is not proper in the District of Delaware; and (3) Okpala cannot raise claims in a representative capacity for family members. ServiceMaster Restoration moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) on the grounds that: (1) the court lacks personal jurisdiction over it; and (2) venue is not proper in the District of Delaware. Okpala opposes the motions.

## STANDARD OF REVIEW

**Rule 12(b)(2)**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a

---

[2] The Court will dismiss as moot the motions to dismiss the original, now superseded, complaint. (D.I. 3, 6).

[3] The first paragraph of Liberty Mutual's supporting memorandum refers to Rule 12(b)(1), but this appears to be a typographical error as Rule 12(b)(1) is not referred to at any other point in the memorandum.

4

defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendants'] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

A plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from a defendant's activities within the forum state. In contrast, general jurisdiction does not require a defendant's connections be related to the particular cause of action, but that a defendant has continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999).

"[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.*

5

(citation omitted). A plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id. See also Hurley v. Cancun Playa Oasis Int'l Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

**Rule 12(b)(3)**

Rule 12(b)(3) permits a defendant to move to dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). In deciding a motion brought under this rule, the Court accepts as true all allegations in the complaint unless those allegations are contradicted by affidavits from the defendant. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012). The movant bears the burden of demonstrating that venue is improper. *See id.* at 160; *American High-Income Trust v. AlliedSignal Inc.*, 2002 WL 373473, at *2 (D. Del. 2002).

**Rule 12(b)(6)**

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

6

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

### Lack of Personal Jurisdiction

ServiceMaster Restoration moves for dismissal for lack of personal jurisdiction. (D.I. 8). Okpala responds that this Court has jurisdiction by reason of diversity of citizenship of the parties. (D.I. 16 at 4).

ServiceMaster Restoration argues that jurisdiction is lacking. It provides the declaration of its president, Douglas M. Mascari. Mascari states that ServiceMaster Restoration is a Maryland corporation that provides disaster restoration services in the Washington D.C. area, and it has never performed work or advertised in Delaware. ServiceMaster Restoration argues jurisdiction is not proper given that it has no contacts

7

with Delaware or sufficient minimum contacts with Delaware to satisfy the minimum requirements of due process necessary for this Court to exercise personal jurisdiction over them. The Court agrees.

As previously mentioned, when a defendant raises a personal jurisdiction defense, the plaintiff has the burden to establish with "reasonable particularity" sufficient contacts between the defendant and the forum state to support jurisdiction. *See Provident Nat'l Bank*, 819 F.2d at 437. Okpala's opposition to ServiceMaster Restoration's motion to dismiss speaks to jurisdiction by reason of diversity of the parties, not to personal jurisdiction. Nor did Okpala present any competent evidence in support of the Amended Complaint to meet his burden of proof showing that this Court has personal jurisdiction over ServiceMaster Restoration. By failing to respond to ServiceMaster Restoration's argument, Okpala did not provide this Court with any additional information to warrant the exercise of personal jurisdiction over ServiceMaster Restoration, and, thus, he fails to meet his burden to establish that either specific or general personal jurisdiction exists.

Okpala failed to demonstrate a basis for personal jurisdiction over ServiceMaster Restoration. Therefore, the Court will grant its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2).

**Res Judicata**

The Lucians and Liberty Mutual argue that the Amended Complaint is barred by *res judicata* on the grounds that Okpala raised the same arguments as claims and defenses and lost in the Maryland Courts on the same claims he now asserts in the

8

Amended Complaint. Okpala argues that this position is a "deliberate false statement" as his claims were never the subject of any hearing other than his motion to dismiss without prejudice, referencing Case No. C-14-189688. (D.I. 19).

The Court recognizes Okpala's position, but notes that Okpala omits references to Case Nos. 2013-0702-26399, 2013-0702-26476, 0702-12175-2014, 0702-0003991-2014, all of which have a bearing on the issue of *res judicata*. In those cases, judgments were entered against Okpala for possession of the townhouse at issue, monetary damages, garnishment to satisfy judgments, and for material breach of lease. In addition, Okpala was unsuccessful in the action for return of his security deposit and, in finding in favor J. J. Lucian on all other claims, the District Court of Maryland rejected Okpala's defenses that he was discriminated against, the townhouse was uninhabitable, and that Okpala was entitled to payments from J. J. Lucian's insurer (*i.e.*, Liberty Mutual).

*Res judicata*, or claim preclusion, applies where the party invoking it establishes: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action." *Duhaney v. Attorney Gen.,* 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted). *Res judicata* "bars not only claims that were brought . . . , but also claims that could have been brought." *Id.* Collateral estoppel, or issue preclusion, applies where: "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being

9

precluded from relitigating the issue was fully represented in the prior action." *Cospito v. Attorney Gen.,* 539 F.3d 166, 171 (3d Cir. 2008) (quotation marks omitted).

The Lucians and Liberty Mutual argue that all the elements of res judicata are satisfied given that Okpala had his day in State court, J. J. Lucian obtained a final judgment on the merits on substantially the same claims and allegations raised in the instant action when one considers the two judgments entered in the District Court of Maryland for failure to pay rent and for repossession of the rented property and for garnishment. Therein, Okpala raised the defense that his failure to pay rent was due to the "inhuman" conditions of the townhouse and that he was entitled to insurance payments from J. J. Lucian's insurance company.

The Lucians and Liberty Mutual further argue that the October 2014 judgment entered in favor of J. J. Lucian's counterclaim in Case No. 0702-0003991-2014 is predicated on Okpala's same alleged inhuman conditions and race discrimination. Indeed, Okpala opposed the counterclaim on those grounds, among others. Finally, the Lucians and Liberty Mutual argue that the parties in this Court are the same, or are in privity, as those in the District Court of Maryland proceedings.

Having reviewed the matters of public record submitted by the parties, the Court agrees that Okpala's claims raised in the Amended Complaint are barred by *res judicata* as they were previously litigated and resolved by final judgments in the District Court of Maryland. The District Court of Maryland had jurisdiction over the subject matter and the parties. The parties from the original suit are the present parties or in privity with them. The cases were adversely decided against Okpala and the decisions are final.

The claims in the Amended Complaint are based on the same causes of action as those in the District Court of Maryland. To the extent that Okpala attempts to raise new claims, he could have done so in his prior cases filed in the District Court of Maryland.

Therefore, the Court will grant the motions to dismiss the Amended Complaint by reason of *res judicata* and/or collateral estoppel.

**Rooker-Feldman Doctrine**

The Lucians and Liberty Mutual also move for dismissal on the grounds that the Amended Complaint is barred by the *Rooker-Feldman* Doctrine. Okpala did not respond to this portion of the motion to dismiss.

The Rooker-Feldman Doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "The Rooker-Feldman Doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006). The *Rooker-Feldman* Doctrine bars Okpala' claims because the relief he seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered . . . , or (2) the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). In the failure to pay rent and repossession of rented property, the garnishment proceedings, the action to recover the security deposit, and the counterclaim against Okpala for material breach of lease, the District Court of Maryland ruled against Okpala. Okpala's Amended Complaint seeks

11

damages from Defendants for their alleged conduct that resulted in the District Court of Maryland judgments entered against Okpala. Thus, he seeks relief that would negate the rulings of the District Court of Maryland. The *Rooker-Feldman* doctrine precludes this relief. *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 50 (3d Cir. 2013).

The *Rooker-Feldman* Doctrine prohibits this Court from maintaining subject matter jurisdiction over Okpala's Amended Complaint because it effectively seeks to vacate orders of the District Court of Maryland. Accordingly, the Court will grant the motions to dismiss as the claims raised in the Amended Complaint are barred by the *Rooker-Feldman* Doctrine.

**Failure to State a Claim**

Finally, the Amended Complaint fails to state claims upon which relief may be granted, particularly with regard to Liberty Mutual and ServiceMaster Restoration.[4] The Amended Complaint consists of vague allegations and legal conclusions and fails to meet the pleading requirements of *Iqbal* and *Twombly*. The Court draws on its judicial experience and common sense and, even when construing the Amended Complaint

---

[4] Liberally construing the allegations, Okpala has alleged what appears to be a breach of contract claim against the Lucians. However, as discussed, it has been determined that it was Okpala, and not the Lucians, who materially breached the lease. Further, Okpala has turned his defenses from the District of Maryland cases into the claims raised in the Amended Complaint, turning a blind eye to the fact that those defenses were rejected by the District Court of Maryland and it rendered judgments against him.

12

liberally, finds that the Amended Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

Accordingly, the Court will: (1) dismiss as moot the first motions to dismiss filed by the Lucians and Liberty Mutual (D.I. 3, 6); (2) dismiss Liberty Mutual's motion to strike (24); and grant the remaining motions to dismiss (D.I. 8, 11, 13).[5] The Court finds that amendment is futile.

An appropriate order will be entered

---

[5] The Court will not address the other grounds for dismissal as dismissal is appropriate for lack of personal jurisdiction over ServiceMaster Restoration, res judicata, the Rooker-Feldman Doctrine and for failure to state a claim upon which relief may be granted. In addition, the Court finds that the District of Delaware is not the proper venue for this action. The events complained of occurred in Maryland, the townhouse in question is in Maryland, at least one defendant resides in Maryland, and Okpala was a resident of Maryland at the time of the occurrence. See 28 U.S.C. § 1391.